In re the DEPARTMENT OF ENERGY STRIPPER WELL EXEMPTION LITIGATION.

Appeal of Philip KALODNER Re Fee Application.

TECA No. 10–72.

Temporary Emergency Court of Appeals.

Argued May 4, 1988.
Decided July 20, 1988.

Philip P. Kalodner, Gladwyne, Pa., pro se.

Before GRANT, METZNER and PECK, Judges.

JOHN W. PECK, Judge.

This is an appeal from a denial in part of a fee application submitted by Philip P. Kalodner for services he rendered on behalf of the Surface Transporters as well as other participants in the dispute resolved in the form of a Final Settlement Agreement in *The Department of Energy Stripper Well Exemption Litigation,* M.D.L. 378, approved at 653 F.Supp. 108, 113 (D.Kan. 1986).

A provision in the Settlement Agreement, Paragraph 5.4 of the Surface Transporters Escrow Order, authorizes the escrow agent:

> To disburse to Philip P. Kalodner such amounts as shall be awarded by the Court for attorneys fees and expenses for services rendered both to the Surface Transporters Claimants ... and to other participants in the settlement by virtue of (i) his efforts in the M.D.L. 378 proceeding and other judicial and administrative proceedings to maximize Alleged Crude Oil Violation recoveries and (ii) his efforts in the development of the OHA record in M.D.L. 378 which helped to advance this Settlement. The amount of $850,000 has been included in the amount to be distributed to this Escrow fund specifically for said fees and expenses which shall not exceed that amount, to which there shall be added interest earned thereon pursuant to II.B.1.c. of the Settlement Agreement and in the Escrow Fund after its establishment.

In the case of Philip Kalodner, the amount of attorney's fees and expenses was negotiated and agreed upon by the parties to the initial settlement memorandum. Typically the other lawyers representing parties to the settlement were to be compensated from funds initially provided for the client group and thus were to come out of the monies allocated for the client. Kalodner's fees were set aside and designated over and above the amount determined for his client.

Kalodner filed his fee application with the court along with a general summary of his hours and the nature of the services he performed. Kalodner then requested a meeting with the court, and one was held on September 29, 1986. Joseph Kennedy, liaison counsel for the Refiners, attended the hearing on Kalodner's behalf. Kennedy described Kalodner as being important to the eventual settlement of the litigation and asserted that Kalodner's fee request was fully justified. Subsequent to this hearing, Judge Theis requested a more detailed accounting from Mr. Kalodner which was eventually submitted over the next several months.

By Opinion and Order filed April 24, 1987, Judge Theis awarded Kalodner an amount less than the $850,000 requested. Judge Theis stated that "Kalodner should be commended for certain of his efforts in these cases—he afforded his clients the most zealous of representation and played a significant role in the efforts to redistribute the overcharges to end users." Judge Theis, however, disallowed fees for Kalodner's unrecorded time, disallowed any claim for time expended to obtain certification of his clients as representatives of the surface transporter class, and disallowed any claim for his hours expended in connection with *United States v. Exxon,* 773 F.2d 1240 (Temp.Emer.Ct.App.1985), *cert. denied,* 474 U.S. 1105, 106 S.Ct. 892, 88 L.Ed.2d 926 (1986) (a case decided while Stripper Well, M.D.L. 378, was pending in which Exxon was found to be liable, in restitution, for overcharge violations exceeding $895 million. Kalodner argued unsuccessfully that this money should not be disbursed entirely to the States). Judge Theis also determined that no enhancements were in order. The court entered an award of $660,186.50 to Kalodner—approximately $190,000 less than the amount requested and provided for in the Settlement Agreement.

Kalodner now appeals the district court's reduction in his fee request and argues, among other things, that he received disparate treatment by the district court. He

contends that, since the time he filed his fee request, many lawyers have received over $1 million in fees without an examination by the court of the time expended. Kalodner alleges that he should be entitled to a lodestar enhancement or a "value of services" standard in computing his hourly rate because he played a more significant role in effecting the settlement in only half the time as others with whom he was compared. Kalodner argues that the district court may have been annoyed by his apparent failure to exhibit an "economy of effort," but urges that in fact he was attempting to take every possible action to benefit his clients. Finally, Kalodner asserts that his situation is unique because the amount of his fee was already agreed upon and earmarked by the parties to the settlement and that Judge Theis had authorized the $850,000 amount by approving the Settlement Agreement.

■ It is clear from the language of the escrow order in question that an amount *not to exceed* $850,000 was designated to pay fees and expenses. This amount was set as a "cap." Clearly the court retained the authority to review the amount requested, to determine whether it was justified, and to award an amount not to exceed $850,000.

■ It appears from the record that Kalodner has worked vigorously for his clients and other participants in the settlement and that he possesses a high level of skill and experience in the field of energy litigation. This court, however, does not view the record *de novo* but must determine whether the district court abused its discretion in decreasing the award of attorney's fees requested.

It is our view that Judge Theis in a carefully drafted, twenty-seven page opinion gave close attention to each point in Kalodner's fee application and to the history of his participation in this and other related cases. Judge Theis, moreover, is not new to this extremely complex multidistrict litigation; his association with the Stripper Well cases dates at least as far back as 1979. He thus considered Kalodner's application with full knowledge of the background of the litigation and of the efforts leading up to the Settlement Agreement.

Based upon Judge Theis's careful review and reasonable analysis of Kalodner's fee application, we hold that the district court did not abuse its discretion in reducing Kalodner's fee request. We accordingly affirm the order of the district court.